(98 South. 81)

No. 24062.

## LUDLOW v. MOORE.

(Nov. 19, 1923.)

*(Syllabus by Editorial Staff.)*

**Divorce** ⚖==129(16)—*Evidence held insufficient to show adultery of wife.*

In a suit for divorce on the ground of adultery alleged to have been committed by plaintiff's wife, conflicting evidence *held* to sustain a judgment dismissing plaintiff's suit.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Leslie Ludlow against Florence Moore, his wife, for divorce and custody of a child. Judgment of dismissal, and plaintiff appeals. Affirmed.

L. A. Ducros, of New Orleans, for appellant.

David Sessler, of New Orleans, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

LAND, J. Plaintiff has instituted this suit for a divorce on the ground of adultery alleged to have been committed by defendant on several occasions and with different men. He claims also the custody of their minor child, Vera, of the age of three years.

Although plaintiff alleges that defendant "returns to her home in the early hours of the morning in an intoxicated condition and with married men," there is no testimony in the record to sustain this charge. Not a witness in the case testifies that the defendant came home with any man, married or single, at a late hour in the night.

Although plaintiff charges defendant with numerous acts of adultery with different men, on the trial of this case but a single witness was offered to prove a single act of adultery alleged to have been committed by defendant with one Joseph Graffato. The testimony of plaintiff's witness is flatly contradicted by defendant and by the alleged corespondent, and it is shown that this witness had been made to leave the house rented by defendant and occupied by her and said witness because she went out with men and stayed until "all hours of the night." Defendant at this time was residing on Laurel street, in the city of New Orleans.

Defendant later roomed on Magazine street. While there two men called to see her on two separate occasions. Plaintiff's witness fails to show in her testimony any improper conduct on the part of defendant at this place on either of these occasions, although this witness has attempted to color her statements with suspicions. The record contains the declaration of the trial judge that the testimony of this witness did not impress him. The testimony in this case is conflicting. The lower court was in a better situation than we are to pass upon the credibility of the witnesses, and to attach to their testimony the proper weight.

The judgment of the lower court dismissed plaintiff's suit at his cost, and we find no good reason why this judgment should be disturbed.

The judgment appealed from is therefore affirmed at the cost of appellant.